IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Michael A. Morawski, | ) | Case No. 11 B 49587 |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

**MEMORANDUM OPINION**

Michael Morawski has claimed an exemption for money he will receive from a restitution award made in a criminal case involving the murder of his father. The trustee in Morawski's chapter 7 bankruptcy case filed an objection to Morawski's claimed exemption on the basis the exemption does not apply to this award. Morawski contends that the restitution award is an inheritance that is not property of the bankruptcy estate and that, in any event, the Illinois exemption for property traceable to a crime victim's reparation law applies. The trustee is correct that the funds fall within the definition of property of the estate but Morawski is correct that the Illinois exemption for a crime victim's reparation applies. The trustee's objection to the exemption is overruled.

**1.    Background**

Morawski filed a chapter 7 bankruptcy petition in December 2011. The trustee eventually filed a "no asset" report, Morawski received a discharge, and the case was closed in May 2013. In August 2013, the United States Trustee moved to reopen the case to administer an unscheduled asset - a restitution award made in a criminal case related to the murder of Morawski's father. Morawski then filed an amended Schedule B list of personal property to add a "claim for restitution in U.S. v. Calabrese, 02-CR-1050 arising out of wrongful death of debtor's father" in the amount of $10,000. He also amended his Schedule C list of claimed

exemptions to assert three Illinois exemptions with respect to the restitution award: 735 ILCS 5/12-1001(h)(1) and (i), 740 ILCS 45/18, and 735 ILCS 5/12-1001(b).

The trustee filed an objection to the claimed exemptions, arguing that none applies to the restitution award. The trustee has the burden of proving that the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). Morawski responds first that the award is not property of the bankruptcy estate because it is an inheritance that Morawski did not receive until more than 180 days after the petition date, citing 11 U.S.C. § 541(a)(5). He also contends that if the award is property of the bankruptcy estate, then the Illinois exemption for awards traceable to a crime victim's reparation law applies. He raises no arguments based on the other two exemptions he claimed in his Amended Schedule C so he has conceded that they do not apply.

## 2.  Property of the Estate

Morawski first contends that the restitution award is not property of the estate because it was an inheritance that he did not receive within 180 days of the petition date. He relies on § 541(a)(5) of the Bankruptcy Code. 11 U.S.C. § 541(a)(5). Section 541 defines property of the bankruptcy estate. Under § 541(a)(1), a bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The reach of § 541(a)(1) is broad; it includes "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative" that the debtor held on the petition date. *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993); *Entertainment Events, Inc. v. Quade (In re Quade)*, 498 B.R. 852 (N.D. Ill. 2013). Section 541(a)(5) extends the reach of § 541(a)(1) by including in property of the estate certain types of property in which the debtor acquires an interest during the 180 days after the petition date. Section 541(a)(5) provides:

2

> Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date -
>     (A) by bequest, devise, or inheritance . . .

11 U.S.C. § 541(a)(5). Thus, § 541(a)(5) expands the definition of property of the estate in § 541(a)(1); it does not limit it to inherited assets actually distributed in the 180 days after the petition date as Morawski suggests. *See Lonstein v. Rockman (In re Lonstein)*, 950 F.2d 77, 79-80 (1st Cir. 1991) (property inherited from debtor's mother who died 10 years before bankruptcy petition filed that was distributed one year post-petition was property of bankruptcy estate under § 541(a)(1)).

Section 541 determines the scope of property of the estate but state law usually determines the nature and extent of a debtor's interests as of the petition date. *Butner v. United States,* 440 U.S. 48, 54 (1979); *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 598 (7th Cir. 2012). Under Illinois law, an interest in inherited property generally vests on the date of death of the decedent. *See In re Kohtz,* 2000 WL 33950791 (Bankr. C.D. Ill. 2000) (interest in inheritance is acquired on date of death for purposes of § 541(a)(1)(a)); *see also Weiland v. Weiland*, 297 Ill. App. 239, 243, 17 N.E.2d 625, 627 (1938) (under Illinois law, legal title to personal property vests in administrator of deceased's estate and equitable title vests in heirs); *Illinois v. First Bank Trust of Shelbyville*, 105 Ill. App. 3d 1114, 1116, 435 N.E.2d 709, 711 (1982) ("property vests, either by terms of a will or by statutory intestate succession, on the death of the decedent").

Arthur Morawski died prior to 2002, when *United States v. Calabrese* and related criminal cases were filed. Michael Morawski filed an "Affidavit of Heirship" in the *Calabrese*

case in April 2008. In April 2009, the district court in *Calabrese* and related cases awarded restitution to the estates of the murder victims of Calabrese and his co-defendants, including Arthur Morawski. The court assumes that Morawski's right to restitution arose when his father died, but it undoubtedly arose by the date of the order for restitution in 2009, two years before Morawski filed his bankruptcy petition. Morawski held an interest in the restitution award at the time he filed his bankruptcy case so it is property of the bankruptcy estate under § 541(a)(1). Section 541(a)(5) simply has no application here.

### 3. Exemption for Crime Victim's Reparations

Morawski also argues that even if the restitution award is property of the estate, it is exempt under the Illinois exemption for property traceable to a crime victim's reparation law, 735 ILCS 5/12-1001(h)(1). Section 1001(h)(1) exempts from judgment or attachment a "debtor's right to receive, or property that is traceable to ... an award under a crime victim's reparation law." There is no case law in Illinois interpreting the phrase "crime victim's reparation law." The restitution award to Morawski was made under the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663(A). As noted in the April 6, 2009 district court opinion, restitution is mandatory in cases under the MVRA. If the crime victim is deceased, restitution must be ordered to the victims' estates. 18 U.S.C. § 3663A(a)(1),(2). *U.S. v. Calabrese*, No. 1:02 CR 01050-1 (JBZ), Document 1124 at p. 2 (N.D. Ill. April 6, 2009).

The trustee argues that the exemption does not apply to the restitution award for two related reasons. First, the trustee argues that the court should incorporate definitions in the Illinois Crime Victim's Compensation Act, 740 ILCS 45/1 *et seq.,* in interpreting the exemption. That statute defines a "victim" as a person killed or injured as a result of violence. 740 ILCS

45/2(D). The trustee contends that Morawski does not qualify for the exemption under this definition because he was not injured or killed in the course of a crime. This argument is not persuasive for two reasons. First, nothing in the reparations exemption limits its application to those who would qualify for the Illinois Crime Victim's Compensation Act. Instead, the exemption uses broad language in referring to "property that is traceable to ... an award under a crime victim's reparation law," without including any definitions that limit the scope of the exemption. If the legislature intended to limit the exemption to parties who qualified under the Illinois crime victim's act, it would have expressly said so. Second, the exemption does not apply only to property awarded to a crime victim. Instead, it is more expansively worded to apply to "a debtor's right to receive, or property that is traceable to ... an award under a crime victim's reparation law." Thus, it applies to any "debtor," not just the crime victim, as long as the property received is "traceable to" a reparation award. Restitution received by family members of crime victims is "traceable to" a crime victim's reparation and therefore falls within the scope of the exemption.

The trustee next contends that Morawski does not meet the definition of a "victim" under the MVRA under which restitution was awarded by the district court. He argues that the restitution was made to Morawski's father, who was the actual crime victim, and that Morawski received it only as part of his inheritance from his father's estate. In essence, the trustee argues that a restitution award should not be considered an award under a crime victim's reparation law if the debtor received it as an inheritance instead of receiving a direct award from the court. Under the Illinois exemption, however, the distinction the trustee attempts to draw makes no difference. Whether the district court award was payable to Arthur Morawski's estate or directly

to his three children, the award is "traceable to ... an award under a crime victim's reparation law." Morawski need not have received the award directly from the district court. Morawski's award therefore falls squarely within the exemption.

### 4. Conclusion

The trustee's objection to Morawski's exemption is overruled. The restitution award therefore cannot be administered by the trustee in Morawski's bankruptcy case. Morawski himself was convicted of a crime, however, and he owes restitution to his own crime victims. The district judge presiding over his criminal case will determine the appropriate disposition of the restitution award.

Dated:   November 26, 2013

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge